## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-20072-01-JAR |
| | ) | |
| | ) | |
| KENNETH THEIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Before the Court is Defendant's Motion in Limine (Doc. 44).  The Court held a hearing

on June 16, 2015, where it took under advisement that part of the motion seeking to exclude

Defendant's recorded statements about possessing adult pornography under Fed. R. Evid. 404(b)

(Doc. 44).  The parties submitted the videotaped interview of Defendant for the Court's review

after the hearing.  The Court has considered the evidence, as well as the arguments presented at

the hearing and in the briefs.  For the reasons described more fully below, Defendant's motion in

limine on the issue of adult pornography is **denied**.

Defendant is charged in the Second Superseding Indictment[1] with two counts of

attempting to violate 18 U.S.C. § 2251(a)&(e), which makes it a crime to attempt to "use" "a

minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual

depiction of such conduct or for the purpose of transmitting a live visual depiction of such

conduct."[2]  The Government plans to establish its case by introducing evidence that Defendant

---

[1]Doc. 48.

[2]18 U.S.C. § 2251(a).

surreptitiously recorded the eleven-year-old victim in the bathroom while engaging in bathroom activities such as toileting and showering.  Defendant then allegedly transferred the cellphone videos to his computer.  After loading the video to his computer, he allegedly used a video editing program to create still images of the minor victim that included the victim's face and closeup imagines of her vaginal area.  The Government seeks to introduce at trial Defendant's recorded statements he made to detectives at the time of his arrest.  Defendant seeks to exclude this evidence under Fed. R. Evid. 404(b) and 403.

The Government does not intend to offer evidence in the form of photographs or testimony related to Defendant's collection of adult pornography in its case-in-chief.[3]  However, the Government does seek to offer the video of Defendant's statements to police in which he discusses his adult pornography collection and makes certain admissions related to his motive and intent in recording the victim, and his knowledge of what constitutes child pornography.  To the extent Defendant's motion concerns direct evidence of Defendant's adult pornography collection, the motion is moot.  The Government does not intend to offer such evidence in its case-in chief.

The Government does seek to offer Defendant's recorded statements to detectives after his arrest, which include statements about his collection of adult pornography.  Under Rule 404(b), "if the other act evidence is relevant and tends to prove a material fact other than the defendant's criminal disposition, it is offered for a proper purpose under Rule 404(b) and may be

---

[3]The Government reserves the right to cross-examine Defendant about his adult pornography collection if he testifies.

excluded only under Rule 403."[4]  Defendant argues that this evidence is only being offered to show that he has bad character, that it is irrelevant because it does not tend to show that he produced child pornography, and that the risk of unfair prejudice substantially outweighs the probative value of the evidence.

For the evidence to be offered for a proper purpose, it must be offered to show any of the enumerated purposes set forth in the rule.[5]  This evidence is being offered to establish Defendant's admissions to police regarding the underlying charges and to establish inconsistencies between Defendant's statements to police and the evidence discovered on his phones and computers.  Defendant discusses adult pornography during this interview in attempt to convince police that he is only interested in adult pornography and not child pornography.  He tells the police several times that they will find adult pornography on his electronic devices, but no child pornography.  At one point, he offers that the website on which he frequently obtains adult pornography includes a banner ad that appears to offer some form of child pornography, but he has never clicked on it.  The Court finds that this evidence will be offered for a proper purpose under Rule 404(b) because it goes to Defendant's intent, motive, knowledge, absence of mistake, and lack of accident.

In addition, given the context of Defendant's statements about adult pornography, it would be impossible to separate out Defendant's discussion of adult pornography with his denials about an interest in child pornography during the interview.  To be relevant, the evidence

---

[4]*United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011) (quoting *United States v. Parker*, 553 F.3d 1209, 1314 (10th Cir. 2009)).

[5]*Id.*

must tend "to make a necessary element of an offense more or less probable."[6]  The probative value of the interview is substantial.  Intertwined with Defendant's discussion of his digital adult pornography collection, Defendant discusses his lack of interest in child pornography, as well as initially denying videotaping the minor victim more than one time.  The subject of adult pornography is also intertwined with a discussion about Defendant's motive in taping the minor victim.  Finally, the Court must "determine whether the danger of unfair prejudice from the evidence substantially outweighed its probative value."[7]  Although Defendant's admissions about possessing adult pornography may be somewhat prejudicial, the Court finds that such prejudice is curable with a limiting instruction and does not substantially outweigh the probative value of this evidence.  The Court therefore admits these statements subject to a contemporaneous and final limiting instruction.

Although not raised by the parties, after viewing the taped interview, the Court finds that certain other references must be excised before the video can be admitted at trial.  At different points during the interview, Defendant makes reference to his criminal history, his own prior sexual experiences as a minor, and to past interactions with "DCF."  The DVD provided to the Court has four parts.  Part 1 of the video is excluded in its entirety.  In Part 2, around the 25:25 mark, Defendant's statements about his prior criminal history and interaction with DCF are excluded.  In Part 3, the Court excludes Defendant's comments about a prior DUI at about the 11:00 mark, and his comments about prior sexual experiences when he was a minor at the 24:48 mark.  In Part 4, the Court excludes Defendant's reference to past drinking and driving.  These

---

[6]*Id.* (citing Fed. R. Evid. 401).

[7]*Id.* at 1299.

4

references are not offered for a proper purpose, have no probative value in this case, and are prejudicial to the Defendant.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion in Limine (Doc. 44) on the issue of adult pornography previously taken under advisement is **denied**.  Notwithstanding the Court's ruling on Defendant's motion, the Court further orders that all statements in the recorded interview about Defendant's criminal history, his own prior sexual experiences as a minor, and past interactions with DCF shall be excluded, as provided in this Order.

Dated: June 25, 2015

         S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE