**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. 14-20072-01-JAR** |
| | ) |
| **KENNETH THEIS,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant's Motion for Bill of Particulars (Doc. 43), and Motion to

Dismiss Indictment (Doc. 49).  The motions are fully briefed and the Court heard argument on

June 16, 2015.  As described more fully below, Defendant's motions are denied.

**I.      Background**

The Second Superseding Indictment (Doc. 48) in this case alleges two counts under 18

U.S.C. § 2251(a)&(e), the sexual exploitation of a child statute.[1]

Counts One and Two are identical with the exception of the date: Count 1 charges

conduct on April 13, 2014, and Count 2 charges conduct on May 4, 2014.  Each count otherwise

charges as follows:

> within the District of Kansas, KENNETH THEIS, did knowingly and
> intentionally attempt to employ, use, persuade, induce, entice, and coerce
> a minor, to wit: V.V.O., an unaware prepubescent female, to engage in
> sexually explicit conduct for the purpose of producing any visual
> depiction of such conduct, using materials that were mailed, shipped, or

---

[1]The First Superseding Indictment added citations to 18 U.S.C. § 2251(e) to each charge and also added that
the minor was an "unaware prepubescent female."  Doc. 35.  Subsection (e) provides that it is a violation of the
statute to conspire or attempt to violate the statute.  The Second Superseding Indictment amended the date on the
first count from March 27, 2014 to April 13, 2014.  Doc. 48.

transported in or affecting interstate and foreign commerce, namely a Samsung Galaxy S2 cellular telephone, a PanTech cellular telephone, and an LG Optimus G Pro LGE980 cellular telephone which were manufactured outside the State of Kansas, in violation of Title 18, United States Code, Section 2251(a) and 2251(e).[2]

The Government plans to prove that Defendant surreptitiously recorded V.V.O. and her adult sister in their bathroom while engaging in bathroom activities such as toileting and showering. Defendant then allegedly transferred the cellphone videos to his computer and used a video editing program to create still images of the minor that included her face and closeup images of her vaginal area.

## II.   Discussion

### A.   Motion to Dismiss

Defendant moves to dismiss on two issues: (1) the term "uses" in the statute may not be applied to mere voyeuristic activity; and (2) the Government may not legally charge and convict Defendant for attempt to use a minor to engage in sexually explicit conduct when the theory of the case is that Defendant actually filmed V.V.O. and thus completed non-criminal conduct.

An indictment is sufficient if it meets minimal constitutional standards, which must be determined by "practical rather than technical considerations."[3] It is sufficient if it (1) sets forth the elements of the crime charged; (2) places the defendant on fair notice of the charges against which he must defend; and (3) enables the defendant to assert a double jeopardy defense.[4] It is generally sufficient if the indictment sets forth the offense in the words of the statute, "as long as

---

[2]Doc. 48.

[3]*United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997); *see also United States v. Hathaway*, 318 F.3d 1001, 1009 (10th Cir. 2003).

[4]*United States v. Doe*, 572 F.3d 1162, 1173 (10th Cir. 2009); *Dashney*, 117 F.3d at 1205.

those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished."[5]  "An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true."[6]

### 1.	Defining "Uses"

Defendant first argues that since V.V.O. was unaware that she was being videotaped, it is impossible to charge Defendant with violating § 2251(a) and (e) because the term "uses" in the statute requires active employment of a minor.  Defendant argues that Defendant's alleged conduct amounts to voyeurism and thus cannot constitute using the minor to engage in sexually explicit conduct under the statute.

18 U.S.C. § 2251(a) provides as follows:

> (a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

---

[5]*Hathaway*, 318 F.3d at 1009 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

[6]*United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008).

Defendant argues that the plain meaning of "uses" has an active connotation, meaning "active employment," "to employ," "to avail oneself of," and "to carry out a purpose or action by means of." Defendant relies on case law construing that term in the context of "use" of a firearm.[7] The Supreme Court has held that a Defendant uses a firearm only when he has some interaction with it; it is not enough that it was located in a bag in the locked trunk of a vehicle driven by the Defendant.[8] Defense counsel stated during oral argument that there must be some sort of "interaction" with the child in order to qualify as use under § 2251, and that the interaction must occur before the images are created.

The case law runs contrary to Defendant's interpretation of the word "uses" in this statute. The Second Circuit long ago rejected the arguments that under *Bailey* the term "uses" in 18 U.S.C. § 2251 requires something more than photographing the minor, or that it requires "use" before the filming or photographing of the minor:

> Although the word "use" may pose "interpretational difficulties" in certain contexts, *id.*, we do not believe that it creates problems here. As the Supreme Court pointed out in *Bailey*, the "ordinary or natural" meaning of the word "use" can be variously stated as "[t]o convert to one's service," "to employ," "to avail oneself of," and "to carry out a purpose or action by means of." 516 U.S. at ----, 116 S. Ct. at 506 (quoting *Smith*, 508 U.S. at 229, 113 S. Ct. at 2054) (internal quotation marks omitted). There is undoubtedly an active component to the notion of "use." But that component is fully satisfied for the purposes of the child pornography statute if a child is photographed in order to create pornography.
>
> Likewise, there is no reason to assume that the "use" of a minor must occur before the filming or photographing of illicit sexual activity. No temporal limitation is implicit in any of the meanings that the word "use" ordinarily has, nor is one indicated in the surrounding statute or case law. Although some of the other actions listed in § 2251(a), such as "enticing, inducing, and persuading" will most often occur before the

---

[7]*Bailey v. United States*, 516 U.S. 137, 145 (1995).

[8]*Id.* at 151.

depicted activity, that is not so of the word "use."  And we find no indication in the statute that Congress meant to import a temporal limitation into the term in this context.

In short, we believe that the meaning of "use" in § 2251(a) is within the typical juror's everyday understanding of the word. Accordingly, the district judge did not err in declining to define it further. *Cf. United States v. Johnpoll*, 739 F.3d 702, 712 (2d Cir.) (holding that a district judge need not define the word "recently" because it is "neither outside common understanding nor so technical or ambiguous as to require specific definitions"), *cert. denied,* 469 U.S. 1075, 105 S. Ct. 571, 83 L. Ed.2d 511 (1984); *United States v. Crockett*, 506 F.2d 759, 762 (5th Cir.) (holding that a district court need not define the term "commercial gambling house" for the jury since it is "reasonably within the common understanding of a juror"), *cert. denied*, 423 U.S. 824, 96 S. Ct. 37, 46 L. Ed.2d 40 (1975).[9]

Since *Sirois* was decided in 1996, all circuit courts to decide this issue have followed its holding.[10]  For example, the meaning of "uses" was considered recently by the Sixth Circuit in *United States v. Wright*.[11]  There, the defendant was found guilty after a bench trial on five counts of sexual exploitation of a minor under § 2251(a) and (e).  The case involved defendant taking photographs and video of a minor when he was 16 and 17 years old; two counts were based on surreptitious recordings.[12]  The defendant argued that the Government failed to prove he "used" the minor for purposes of producing a visual depiction of sexually explicit conduct because it had not shown that the defendant did something to cause the minor to engage in

---

[9]*United States v. Sirois*, 87 F.3d 34, 41 (2d Cir. 1996).

[10]*See, e.g.*, *United States v. Wright*, 774 F.3d 1085, 1088–89 (6th Cir. 2014); *Ortiz-Graulau v. United States*, 756 F.3d 12, 18–19 (1st Cir. 2014); *United States v. Finley*, 726 F.3d 483, 495 (3d Cir. 2013) ("a perpetrator can 'use' a minor to engage in sexually explicit conduct without the minor's conscious or active participation"); *United States v. Engle*, 676 F.3d 405, 419 n.9 (4th Cir. 2012); *United States v. Fadl*, 498 F.3d 862, 866–67 (8th Cir. 2007); *cf. United States v. Wolf*, 890 F.2d 241 (10th Cir. 1989) (applying statute to photographs of sleeping child after analyzing *Dost* factors) .

[11]774 F.3d 1085 (6th Cir. 2014).

[12]*Id.* at 1087.

sexually explicit conduct with a specific intent to produce a visual depiction of that conduct.[13]
The court rejected this interpretation.[14]  It agreed with the district court, and the majority of
courts to consider the issue,[15] that the term "uses" "is satisfied if a minor is photographed in
order to create pornography."[16]

Likewise, the First Circuit held last year that the term "use" is met "when a defendant
makes a minor the subject of a visual depiction by intentionally photographing the minor
engaging in sexually explicit conduct."[17]  Moreover, it commented that "[a] minor can actively
be used as the subject of a photograph even unwittingly."[18]  The court considered the term "uses"
as it relates to the other similar verbs in the statute:

> The inclusion of multiple similar verbs in the statute illustrates Congress'
> intent to reach as broad as possible a range of ways that a defendant might
> actively be involved in the production of sexually explicit depictions of
> minors.  Some of these acts may involve deception, violence, or otherwise
> be an independently unlawful act, but they need not be so long as the acts
> are done with the intent of making a visual depiction of a minor engaging
> in sexually explicit conduct.
>     We note that despite the similarity of the terms in the statute,
> defining "use" as we do today does not render the other terms superfluous.
> "Use" reaches a defendant's active involvement in producing the

---

[13]*Id.* at 1089.

[14]*Id.* at 1089–90.

[15]*E.g.*, *Engle*, 676 F.3d at 419 n.9; *Fadl*, 498 F.3d 862 at 866–67; *Sirois*, 87 F.3d at 41; *see also United States v. Helton*, No. CR-07-70-T, 2007 WL 1674196, at *5 (W.D. Okla. June 7, 2007) *aff'd*, 302 F. App'x 842 (10th Cir. 2008) (finding sufficient evidence of "use" under the statute under *Sirois* where the Defendant placed a hidden camcorder in a bathroom).  Defendant challenges the precedential value of the Tenth Circuit's decision in *Helton* on the grounds that it did not consider the term "uses" under the statute.  But the Court finds persuasive the district court's finding below, which was not challenged on appeal, that the term "uses" was met under almost identical facts.  *Id.*

[16]*Wright*, 774 F.3d at 1089.

[17]*Ortiz-Graulau v. United States*, 756 F.3d 12, 18 (1st Cir. 2014).

[18]*Id.* at 18 n.4 (citing *United States v. Finley*, 726 F.3d 483, 495 (3d Cir. 2013)).

> depiction even if the interpersonal dynamics between the defendant and the depicted minor are unknown.  Inclusion of the term "use" in the statute permits the conviction of a defendant who was actively and directly involved in producing a sexually explicit depiction of a minor even in the absence of a complaining witness or even without being able to identify the specific minor.  In contrast, the terms employ, persuade, induce, entice, and coerce reach various types of external pressure that a defendant might apply on a minor to get him or her to engage in sexually explicit conduct.  These terms could reach a defendant's conduct even if the pressure were remotely applied and the defendant had no involvement in any actual filming or photography, so long as that pressure were applied with the intent to cause a minor to be visually depicted in a sexually explicit manner.[19]

The Court is not persuaded by Defendant's argument that under the doctrine of *noscitur a sociis*,[20] the Court must find that "uses" has a temporal limitation, or that it requires interaction. Instead, as the First Circuit explains, Congress intended to reach a broad range of ways in which a defendant may be involved in the production of sexually explicit images, and the term "use" is not rendered superfluous by the other verbs in the statute.[21]

Defendant cites the Ninth Circuit's decision in *United States v. Overton*,[22] where the court declared that "[s]exual exploitation of a minor under § 2251(a) requires proof of active or coercive conduct by a defendant upon a minor, whereas § 2251(b) relates only to knowledge (by

---

[19]*Id.* at 19 (citing *United States v. Ven–Fuel, Inc.*, 758 F.2d 741, 751–52 (1st Cir. 1985)).  Defendant complains in his initial brief that although the list of verbs in the statute is stated in the disjunctive ("or"), the Indictment charges in the conjunctive ("and").  The Government understood this argument as challenging the well-established rule that it may charge in the conjunctive, but prove its case in the disjunctive.  *See, e.g.*, *United States v. Earl*, 42 F.3d 1321, 1327 (10th Cir. 1994).  Defendant made clear at the hearing that it does not challenge the Government's ability to charge in the conjunctive and prove its case in the disjunctive.  And the Government has clarified both in the briefs and at oral argument that its theory of the case is that Defendant "used" V.V.O. in producing the images.  The Court therefore finds the parties' arguments on this point moot.

[20]*See, e.g.*, *Yates v. United States*, 135 S. Ct. 1074, 1084–85 (2015) (discussing the doctrine of *noscitur a sociis*).

[21]*Ortiz-Graulau*, 756 F.3d at 19.

[22]573 F.3d 679  (9th Cir. 2009).

7

a person with custodial control)."[23]  The Ninth Circuit did not define "active or coercive

conduct" and its discussion pertained to a wholly separate issue—whether double jeopardy

applied to bar convictions under 18 U.S.C. § 2251(a) and (b).[24]  For this reason, like the Sixth

Circuit in *Wright*, this Court rejects Defendant's reliance on *Overton* and finds that the *Sirois*

line of cases instead applies.[25]

      During oral argument and in his Reply brief, Defendant distinguishes the cases holding

that "use" does not require the Defendant to physically interact with the minor, claiming that

they either apply the statute to sleeping minors who were physically manipulated in some way

prior to filming, or involve images of minors who were engaged in sex with adults.  The Court's

review of the case law does not support Defendant's position that these distinctions impacted the

courts' interpretation of the term "uses."  The cases instead clearly articulate that the defendant

is not required to physically interact with the minor in order to violate the statute; it is enough if

the defendant photographed the minor with the intent to produce a sexually explicit image.[26]  For

example, although the facts of *Sirois* involved the defendant filming minors engaged in group

sex with adults, the defendant challenged his conviction on the basis that he had merely set up

---

[23]*Id.* at 692.

[24]Defendant also cites the Ninth Circuit's pattern jury instruction for offenses under § 2251(a), which instructs that the defendant "used . . . [name of the victim] to take part in sexually explicit conduct."  9th Cir. Manual of Model Jury Instructions 8.181 (2010).  The comments do not provide a citation for the definition of "uses" or "take part in sexually explicit conduct."  The Court cannot find that the jury instruction, standing alone, is persuasive evidence that the *Sirois* standard should be disregarded.

[25]*United States v. Wright*, 774 F.3d 1085, 1089 (6th Cir. 2014).

[26]*See, e.g.*, *Ortiz-Graulau*, 756 F.3d at 18–19; *United States v. Finley*, 726 F.3d 483, 495 (3d Cir. 2013) ("Congress's utilization of these verbs, especially 'uses,' indicates that active involvement on the part of a minor is not essential for a conviction under § 2251(a). For example, a perpetrator can 'use' a minor to engage in sexually explicit conduct without the minor's conscious or active participation."); *United States v. Sirois*, 87 F.3d 34, 42 (2d Cir. 1996) (finding sufficient evidence of use where the minor serves as the subject of photography).

his video camera to record, and was not personally engaged in the conduct being taped.[27]   The Court found that it was enough to constitute "use" of the minor that he photographed them engaged in this conduct with the intent to produce a sexually explicit image.[28]

The Indictment alleges that Defendant photographed V.V.O. with the intent to produce a sexually explicit image.  Defendant's argument in his Reply appears to suggest that application of the term "uses" turns on the separate inquiry of whether the minor was engaged in "sexually explicit conduct," or whether Defendant "produced" sexually explicit conduct when he manipulated the images.  Defendant conflates the elements of this offense.  This motion was brought to challenge the Government's interpretation of the term "uses" under the statute, not whether the images Defendant produced constitute sexually explicit conduct.[29]  It appears that the Government will introduce evidence that Defendant subsequently manipulated the images he filmed to focus on the minor's vaginal area, to prove that Defendant intended to produce child pornography.[30]

---

[27]The court acknowledged that there was also evidence that the defendant was directing the participants as he filmed, however it made clear that this fact was not required in order for the defendant to "use" the minors to engage in sexually explicit conduct.  *Sirois*, 87 F.3d at 42; *accord United States v. Fadl*, 498 F.3d 862, 866 (8th Cir. 2007).

[28]*Sirois*, 87 F.3d at 42.

[29]*See United States v. Helton*, 302 F. App'x 842, 846–48 (10th Cir. 2008) (considering challenge to whether images surreptitiously captured in a bathroom constituted "sexually explicit conduct"); *United States v. Wolf*, 890 F.2d 241, 243 (10th Cir. 1989) (considering definition of sexually explicit conduct in a case involving a sleeping child).

[30]Defendant spends considerable time in the Reply brief arguing that "use" of a minor is not met by Defendant's alleged editing or manipulation of the images he captured through the surreptitious recordings.  The Court does not believe this is the Government's position.  Instead, the Government takes the position that the manipulation goes to Defendant's intent and to the production of sexually explicit images.  The Government has also made clear that its attempt theory focuses on Defendant's attempt to produce images that depict sexually explicit conduct.  As such, this argument is moot.  To the extent Defendant now purports to challenge the sufficiency of the Indictment as to the production element of the offense, that is a new argument that was not raised in the initial motion and the Court declines to consider it for the first time in reply.  To the extent he challenges the sufficiency of the evidence, it is appropriately raised in a motion for judgment of acquittal.

Likewise, Defendant's argument that this case law lacks precedential value is unavailing. While his belief perhaps explains why none of this adverse authority was acknowledged in his initial motion, Defendant cannot avoid the many circuit court holdings that clearly address how "uses" under this particular statute should be construed.  Defendant maintains that the term "uses" requires "interaction" with the minor before the image is created; at the hearing, counsel could not explain how a person could interact with the minor other than by touching the minor. *Sirois* squarely rejected this interpretation and all circuit courts to directly consider the question since have agreed.  The Court joins this line of authority in holding that the plain meaning of the term "uses" under the statute is fully satisfied if a child is photographed with the intent to produce a sexually explicit image.[31]

Defendant suggests in his notice of supplemental authority that Defendant should have been charged under a different statute that prohibits voyeurism, 18 U.S.C. § 1801(a), rather than 18 U.S.C. § 2551.  He cites the wide discrepancy in punishment between the two offenses—Defendant is subject to a mandatory minimum sentence of fifteen years' custody under § 2251,[32] while under § 1801, he would be subject to a one-year mandatory maximum term of custody—and argues that Congress would not have drafted the voyeurism statute to reach the same conduct as an attempt to violate § 2251.  The Government naturally pointed to the jurisdictional impediment to charging Defendant under this statute: it applies only to video

---

[31]Because the Court does not find that the statute is ambiguous, it need not consider Defendant's argument that the rule of lenity applies.  *See, e.g.*, *United States v. Rentz*, 777 F.3d 1105, 1114 (10th Cir. 2015) (explaining that the rule of lenity applies when a criminal statute is ambiguous).

[32]18 U.S.C. § 2251(e).

voyeurism committed in the special maritime and territorial jurisdiction of the United States.[33] In reply, Defendant discusses at length § 1801's legislative history, which he argues Congress intended to be a model for the states; it did not intend to federally regulate voyeurism on non-federal lands. Defendant argues that the statute shows that Congress knew how to prohibit voyeurism yet specifically declined to do so outside of the context of federal land.

The Court is not persuaded by Defendant's arguments on this point for several reasons. First, the Government has discretion to determine which crime to charge when an act violates more than one criminal statute, so long as it does not discriminate against a class of defendants.[34] For the reasons already explained, the Government has sufficiently alleged the elements of the § 2251 offenses in this case. Second, the fact that voyeurism on federal lands is specifically prohibited by § 1801 does not dictate a finding that voyeurism, with the intent to produce child pornography, does not also amount to a violation of § 2251(a). Here, the Indictment does not merely allege that Defendant placed a hidden camera in V.V.O.'s bathroom. It alleges that he intentionally used a minor to engage in sexually explicit conduct with the intent to produce a visual depiction of such conduct. The Government's theory is that Defendant's intent to produce child pornography is proved by his subsequent manipulation of those images to focus on the victim's vaginal area. Section 1801 prohibits all forms of video voyeurism and is not specific to images of children. Likewise, it does not include an interstate commerce element, as compared

---

[33]18 U.S.C. § 1801(a) ("Whoever, in the special maritime and territorial jurisdiction of the United States, has the intent to capture an image of a private area of an individual without their consent, and knowingly does so under circumstances in which the individual has a reasonable expectation of privacy, shall be fined under this title or imprisoned not more than one year, or both."); 18 U.S.C. § 7 (defining special maritime and territorial jurisdiction of the United States). Defendant's conduct allegedly occurred in the Lawrence, Kansas, residential home of the minor, so it does not meet the definition.

[34]*See, e.g.*, *United States v. Batchelder*, 442 U.S. 114, 123–24 (1979).

11

to § 2251.[35]  The Court cannot discern from the legislative history cited by Defendant that

Congress' intent to create model legislation for states to prohibit voyeurism in general is

evidence that it did not intend the sexual exploitation of a child statute to include voyeurism with

respect to minors when that voyeurism is done with the intent to produce a visual depiction of

the minor engaged in sexually explicit conduct and meets the interstate commerce element.

In sum, the Court finds no basis for dismissal on the grounds that Defendant's conduct

could not constitute "use" of a minor under the statute.

## 2.      Attempt

Under § 2251(e), a person who attempts to violate the statute is punished to the same

extent as a person who directly violates.  To prove attempt, the Government must show that

Defendant took a "substantial step" toward the proscribed conduct.[36]  That step must be more

than mere preparation.[37]  Defendant argues that he cannot be charged with the inchoate crime of

attempt under this statute because the facts allege that he completed the non-criminal act of

placing a camera in the bathroom.  Defendant's argument fails for several reasons.  First, it

hinges on the successful argument that Defendant's alleged actions are non-criminal.  As already

discussed, the Court disagrees with Defendant's statutory interpretation that the term "uses"

---

[35]The Court finds no merit to Defendant's new assertion in the Reply brief that Congress intended for the States to regulate this conduct.  *See, e.g.*, *Gonzales v. Raich*, 545 U.S. 1, 16 (2005) ("Our case law firmly establishes Congress' power to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on interstate commerce."); *United States v. Grimmett*, 439 F.3d 1263, 1271 (10th Cir. 2006) (upholding denial of facial and as applied challenge to 18 U.S.C. § 2251 under the Commerce Clause; acknowledging Congress' fact finding about how local production of child pornography furthers the larger national interstate pornography market).

[36]*United States v. Dobbs*, 629 F.3d 1199, 1208 (10th Cir. 2011).

[37]*United States v. Munro*, 394 F.3d 865, 869 (10th Cir. 2005).

12

required him to do anything more than photograph V.V.O. with the intent to produce an image of her engaged in sexually explicit conduct.

To the extent Defendant argues then that he cannot be charged with an attempt where he is alleged to have completed the crime, the Court also rejects this argument.  The majority of courts to decide the issue have held that failure to complete an offense is not an element of an attempt crime.[38]  As these courts explain, if the rule were otherwise, it would lead to absurd results: it would "result in the 'anomalous situation of a defendant going free not because he was innocent but for the very strange reason, that he was too guilty.'"[39]  For example in *United States v. York*, the Second Circuit considered whether the Government could convict two brothers for the attempt to introduce contraband into a federal correctional institution where the Government proved the completed crime—the brothers in fact brought marijuana into the visitor's room at the prison.[40]  The court declined to require a Defendant be acquitted of an attempt "where he was found guilty of completing what he had set out to do."[41]

Defendant filed its original brief on the motion to dismiss upon review of the Government's original Notice of Intent to Offer 404(b) Evidence.[42]  In that filing, the Government identified one of the "key elements" of the offense as "whether [Defendant] attempted to use the minor to engage is [sic] sexually explicit conduct so that he could produce a

---

[38]*See, e.g.*, *United States v. Rivera-Relle*, 333 F.3d 914, 920 (9th Cir. 2003); *United States v. York*, 578 F.2d 1036, 1039 (2d Cir. 1978) (collecting cases); *United States v. Malasanos*, 472 F.2d 642 (7th Cir. 1973).

[39]*York*, 578 F.2d at 1039 (quoting *United States v. Fleming*, 215 A.2d 839, 840–41 (D.C. Cir. 1966)).

[40]*Id.* at 1037–38.

[41]*Id.* at 1039.

[42]Doc. 46.

13

visual depiction of that conduct."[43]  It also stated its theory as: "the defendant placed telephones in the family bathroom, and set them to record, whenever the victim or her sister used the facilities, in order to attempt to capture pornographic images of them."[44]  The Government has since clarified that its attempt theory centers not on the attempted "use" of the minor, but on the attempted production of sexually explicit materials.  Acknowledging a factual question exists about whether the images in question meet the definition of sexually explicit material, the Government opted to charge Defendant with attempt.  The Government urges that if the trier determines that Defendant did not produce sexually explicit materials, it could therefore still find that he took a substantial step toward producing such materials and convict.  The Court agrees. And even if the trier finds that Defendant produced sexually explicit materials, it could find that "he did not take *one* substantial step towards completion of the underlying crime—he took all substantial steps,"[45] and could therefore convict on the charge of attempt.

For all of these reasons, the Court denies Defendant's motion to dismiss.

**B.      Motion for Bill of Particulars**

Defendant also moves for a bill of particulars based on its contention that an attempt charge is not cognizable under the facts alleged in this case.  "The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision to allow him to prepare his defense."[46]  "A bill of particulars is not necessary if 'the indictment sets forth the

---

[43]*Id.* at 2–3.

[44]*Id.* at 1.

[45]*United States v. Russo*, No. 3:09cr191, 2009 WL 3839299, at *4 (E.D. Va. Nov. 16, 2009).

[46]*United States v. Tyler*, 42 F. App'x 186, 190 (10th Cir. 2002) (quoting *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996)).

elements of the offense charged and sufficiently apprised the defendant of the charges'" against him.[47]  A bill of particulars is not a discovery device to obtain the government's evidence; instead, it is a device used to obtain the theory of the government's case where the indictment is too vague.[48]  Furthermore, where the government has provided discovery in abundance, defendants cannot assert that a bill of particulars is necessary because review of the documents would be copious or burdensome to conduct.[49]  Whether to grant a bill of particulars is in the sound discretion of the trial court,[50] and will not be granted unless the defendant can show prejudice.[51]

Defendant argues that on the attempt theory, it is unclear what the "something less than the completed act" is, given that the video was in fact produced.  Because Defendant cannot discern the legal theory of the Government's case, it claims it is unable to prepare a defense. The Government responds that the Indictment sufficiently sets forth the offense in the words of the statute, and adequately states the elements of the offense.  It argues that although attempted production of child pornography is a lesser included offense of production, it has advised Defendant that its theory of this case is that Defendant attempted to produce child pornography. The Government argues that the motion instead is being used as a discovery device to learn what evidence the Government will use to prove its case.  As to the attempt charge, the Government

---

[47]*United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) (quoting *United States v. Dunn*, 841 F.2d 1026, 1030 (10th Cir. 1988)).

[48]*Tyler*, 42 F. App'x at 190.

[49]*See Ivy*, 83 F.3d at 1282.

[50]*Dunn*, 841 F.2d at 1029.

[51]*United States v. Wright*, 826 F.2d 938, 942 (10th Cir. 1987).

15

contends that there is no legal requirement that it charge Defendant with the completed crime instead of under an attempt theory.  The Government clarified at the hearing that it does not wish to litigate whether the photos/videos meet the definition of lascivious exhibition of the genitals, an element under the statute.[52]  Although the Government believes that the images meet this definition, it is only charging that he attempted to produce such images.  Therefore, despite proof that the video or photographs were in fact produced, the Government would still have to prove that they meet the definition of sexually explicit conduct under the six *Dost* factors.  The Government states that in this way, a defendant can take all of the necessary steps to create an image depicting the sexually explicit conduct of a minor, yet still not be able to meet the definition.  For this reason, it is relying on an attempt theory of its case.

The Court agrees with the Government that the Second Superseding Indictment, in conjunction with the Government's representations and discovery, inform Defendant of the charges against him with sufficient precision to allow him to prepare his defense.  As to the legal impossibility of charging attempt in this case, as suggested by Defendant, the Court denies the motion and refers the parties to the Court's findings on the motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Bill of Particulars (Doc. 43) and Motion to Dismiss Indictment (Doc. 49) are **denied**.

**IT IS SO ORDERED**.

Dated: July 1, 2015

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[52]18 U.S.C. § 2251; *see United States v. Wolf*, 890 F.2d 241, 244 (10th Cir. 1989) (discussing definition of "sexually explicit conduct" and applying the *Dost* factors) (citing *United States v. Dost*, 636 F. Supp. 828, 830 (S.D. Cal.1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir.), *cert. denied*, 484 U.S. 856 (1987).